UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

**ANTHONY R. PEOPLES**,                                              Civil Case No. 6:14-CV-00468-KI

               Plaintiff,

                                          OPINION AND ORDER

               v.

**COMMISSIONER OF SOCIAL SECURITY**,

               Defendant.


       Richard F. McGinty
       McGinty & Belcher
       P. O. Box 12806
       Salem, Oregon  97301

              Attorney for Plaintiff

       S. Amanda Marshall
       United States Attorney
       District of Oregon

Ronald K. Silver
Assistant United States Attorney
1000 SW Third Avenue, Suite 600
Portland, Oregon 97201-2902

David J. Burdett
Special Assistant United States Attorney
Office of the General Counsel
Social Security Administration
701 Fifth Avenue, Suite 2900 M/S 221A
Seattle, Washington 98104-7075

       Attorneys for Defendant

KING, Judge:

Plaintiff Anthony Peoples brings this action pursuant to section 205(g) of the Social

Security Act, as amended, 42 U.S.C. § 405(g), to obtain judicial review of a final decision of the

Commissioner denying plaintiff's application for disability insurance benefits ("DIB") and

supplemental security income benefits ("SSI"). I reverse the decision of the Commissioner and

remand for further proceedings.

## DISABILITY ANALYSIS

The Social Security Act (the "Act") provides for payment of disability insurance benefits

to people who have contributed to the Social Security program and who suffer from a physical or

mental disability. 42 U.S.C. § 423(a)(1). In addition, under the Act, supplemental security

income benefits may be available to individuals who are age 65 or over, blind, or disabled, but

who do not have insured status under the Act. 42 U.S.C. § 1382(a).

The claimant must demonstrate an inability to engage in any substantial gainful activity

by reason of any medically determinable physical or mental impairment which can be expected to

Page 2 - OPINION AND ORDER

cause death or to last for a continuous period of at least twelve months.  42 U.S.C.

§§ 423(d)(1)(A), 1382c(a)(3)(A).  An individual will be determined to be disabled only if his

physical or mental impairments are of such severity that he is not only unable to do his previous

work but cannot, considering his age, education, and work experience, engage in any other kind

of substantial gainful work which exists in the national economy.  42 U.S.C. §§ 423(d)(2)(A),

1382c(a)(3)(B).

The Commissioner has established a five-step sequential evaluation process for

determining if a person is eligible for either DIB or SSI due to disability.  The evaluation is

carried out by the Administrative Law Judge ("ALJ").  The claimant has the burden of proof on

the first four steps.  Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007); 20 C.F.R. §§ 404.1520

and 416.920.  First, the ALJ determines whether the claimant is engaged in "substantial gainful

activity."  If the claimant is engaged in such activity, disability benefits are denied.  Otherwise,

the ALJ proceeds to step two and determines whether the claimant has a medically severe

impairment or combination of impairments.  A severe impairment is one "which significantly

limits [the claimant's] physical or mental ability to do basic work activities."  20 C.F.R.

§§ 404.1520(c), 416.920(c).  If the claimant does not have a severe impairment or combination of

impairments, disability benefits are denied.

If the impairment is severe, the ALJ proceeds to the third step to determine whether the

impairment is equivalent to one of a number of listed impairments that the Commissioner

acknowledges are so severe as to preclude substantial gainful activity.  20 C.F.R. §§ 404.1520(d),

416.920(d).  If the impairment meets or equals one of the listed impairments, the claimant is

conclusively presumed to be disabled.  If the impairment is not one that is presumed to be

Page 3 - OPINION AND ORDER

disabling, the ALJ proceeds to the fourth step to determine whether the impairment prevents the claimant from performing work which the claimant performed in the past.  If the claimant is able to perform work she performed in the past, the ALJ makes a finding of "not disabled" and disability benefits are denied.  20 C.F.R. §§ 404.1520(e), 416.920(e).

If the claimant is unable to perform work performed in the past, the ALJ proceeds to the fifth and final step to determine if the claimant can perform other work in the national economy in light of his age, education, and work experience.  The burden shifts to the Commissioner to show what gainful work activities are within the claimant's capabilities.  Parra, 481 F.3d at 746. The claimant is entitled to disability benefits only if he is unable to perform other work. 20 C.F.R. §§ 404.1520(f), 416.920(f).

## STANDARD OF REVIEW

The court must affirm a denial of benefits if the denial is supported by substantial evidence and is based on correct legal standards.  Molina v. Astrue, 674 F.3d 1104, 1110 (9th Cir. 2012).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion" and is more than a "mere scintilla" of the evidence but less than a preponderance.  Id. (internal quotation omitted).  The court must uphold the ALJ's findings if they "are supported by inferences reasonably drawn from the record[,]" even if the evidence is susceptible to multiple rational interpretations.  Id.

## THE ALJ'S DECISION

The ALJ found Peoples has severe impairments of lumbar degenerative disc disease, borderline intellectual functioning, and a history of drug and alcohol abuse.  The ALJ also found that these impairments, either singly or in combination, are not severe enough to meet or

medically equal the requirements of any of the impairments listed in 20 C.F.R. § 404, Subpart P, Appendix 1. After reviewing the record, the ALJ found Peoples has the residual functional capacity to perform the full range of medium work except he can only occasionally stoop and crawl and he is limited to performing simple, repetitive tasks. Based on vocational expert testimony, the ALJ found Peoples could perform his past relevant work as a cannery worker and agricultural food sorter and, thus, is not disabled under the Act.

## FACTS

Peoples alleges he became disabled on August 31, 2006, when he was 46 years old. He took special education classes in school to complete the eighth grade but was unable to get his GED due to difficulties with math. Peoples has worked as a dishwasher, cannery worker, agricultural sorter, warehouse worker, and forklift driver. He worked as much as half-time after his alleged onset date but did not earn enough for the work to be considered substantial gainful activity which would preclude him from being found disabled.

Peoples claims he cannot work because of lower back pain, memory difficulties, and lack of education. He complains of a constant tingling, sharp pain in his back but was taking no medication at the time of the hearing. Peoples testified many things make him uncomfortable: walking a block, sitting for more than 10 minutes, and riding in a car. After sitting 10 minutes, Peoples lies down for 30 to 60 minutes. He lives with his significant other and helps with some household chores, including shopping, dishwashing, cooking, and gardening. His significant other does the laundry, cleaning, and some of the cooking. Peoples' back pain extends the time it takes him to complete any task. For entertainment, Peoples and his significant other watch her grandchildren play and occasionally go fishing.

**DISCUSSION**

Peoples alleges a single error by the ALJ–failure to properly credit the severe

impairments of a cognitive disorder NOS and a pain disorder.  He argues the error caused the

ALJ to fail to include some of Peoples' limitations in the residual functional capacity.  Peoples

claims the record requires the inclusion of limitations for concentration, persistence, or pace as

well as the need for a job with light activity that allows the worker to change positions and move

around as needed.

The Commissioner argues Peoples relies on an alternative interpretation of the evidence,

an argument the Commissioner claims is insufficient to justify overturning the ALJ's decision.

According to the Commissioner, it is irrelevant if the ALJ found an impairment severe because

he considered all impairments in combination when determining the residual functional capacity.

Moreover, the Commissioner claims the ALJ's residual functional capacity adequately captured

all of People's limitations.

The threshold at step two is a low one.  It is a "de minimis screening device [used] to

dispose of groundless claims."  Webb v. Barnhart, 433 F.3d 683, 687 (9th Cir. 2005) (internal

quotation omitted).  The failure to list an impairment as a severe impairment is a harmless error

if, in determining the claimant's residual functional capacity, the ALJ considers any limitations

caused by the impairment.  Lewis v. Astrue, 498 F.3d 909, 911 (9th Cir. 2007).  Accordingly, I

will consider whether the ALJ included all necessary limitations.

After performing extensive testing, Dr. Donald Lange wrote a comprehensive

neuropsychological report about Peoples dated January 29, 2008.  He diagnosed Peoples with

cognitive disorder NOS.  He summarized the lengthy results as follows: "This assessment has

found a variable, but generally borderline to the low end of average range of performance on most cognitive and intellectual tasks." Tr. 305. Peoples has a full scale IQ of 79, in the eighth percentile; he reads at the 4.5 grade level; his oral arithmetic score was in the borderline defective range; measures of attention, concentration, vigilance and freedom from distraction were inconsistent and in the average to defective range; his verbal and visual memory function tests had generally defective performance; and his slower psychomotor and mental speed and significant difficulties with mental tracking mean he easily becomes overloaded with information and may get performance anxiety. Dr. Lange noted Peoples would initially appear to be able to function much better than he truly can because his verbal abilities were better than his nonverbal abilities. Dr. Lange stressed several times that Peoples needs on-the-job training where he is "'shown as well as told' how to do things with repeated modeling until he learns and understands the task demands." Tr. 310; see also Tr. 312-14. The doctor also stated: "His problem solving techniques and strategies are, at times, limited. He tends to operate on a trial and error basis and become somewhat erratic and perseverative. When he gets to a point where he has difficulty, he may just continue on without being productive." Tr. 312.

The medical expert at the hearing, Dr. Robert Davis, agreed with Dr. Lange's diagnosis of cognitive disorder NOS but was concerned that Peoples' functioning was somewhat impaired by substance abuse at the time of the testing. Peoples testified that by the time of the hearing, he had stopped smoking marijuana, reduced his drinking to a beer or two, and did not use street drugs. Dr. Paul Soltzfus performed a less extensive psychodiagnostic evaluation on September 22, 2010 and diagnosed a cognitive disorder NOS, by history.

Page 7 - OPINION AND ORDER

The ALJ gave "[s]ome weight" to Dr. Lange's opinion about Peoples' mental impairment, but included only one mental limitation in the residual functional capacity–a limitation to simple, repetitive tasks.  Tr. 17.

The other psychologists' opinions are much less detailed than Dr. Lange's but do not contradict it.  If a treating or examining physician's opinion is not contradicted by another physician, the ALJ may only reject it for clear and convincing reasons.  Orn v. Astrue, 495 F.3d 625, 632 (9th Cir. 2007) (treating physician); Turner v. Comm'r of Soc. Sec., 613 F.3d 1217, 1222 (9th Cir. 2010) (examining physician).  The ALJ's limitation to simple, repetitive tasks does not adequately take into account the mental limitations summarized above, particularly the slow mental speed, memory problems, and need to be shown a new task with repeated modeling until Peoples learns it.  The ALJ gave no reason at all to disregard these portions of Dr. Lange's opinion about Peoples' mental limitations.  Thus, he has erred.

Dr. Lange also diagnosed Peoples with pain disorder associated with both psychological factors and a general medical condition, chronic.  He opined Peoples would likely need a job with light physical activity and the opportunity to change positions and move around as needed, even though Dr. Lange noted he did not have a physical capacities evaluation or prescribed physical limits.

The ALJ gave "little weight" to Dr. Lange's opinion about Peoples' physical impairment because Dr. Lange based the assessment on People's self-report rather than objective medical evidence which reflects only mild degenerative disc disease and generally normal physical examination.  Tr. 17.  The ALJ also noted that this part of the opinion was outside Dr. Lange's area of expertise, psychology.

Page 8 - OPINION AND ORDER

Dr. Lange's opinion about Peoples' physical limitations is contradicted by the opinions of examining doctors Ryan Vancura and Patrick Radecki. If a treating or examining physician's opinion is contradicted by another physician, the ALJ may not reject the opinion without providing specific and legitimate reasons supported by substantial evidence in the record. Orn, 495 F.3d at 632; Turner, 613 F.3d at 1222.

Peoples contends Dr. Lange based his opinion on his observations of Peoples moving around to ease his pain during the lengthy psychological examination. It is true Dr. Lange observed pain behavior when Peoples changed positions and walked around during the examination. But Peoples also elaborated on his back pain and believes the pain is his main barrier to employment. A physician's opinion of disability may be rejected if it is "based to a large extent on a claimant's self-reports that have been properly discounted as incredible." Tommasetti v. Astrue, 533 F.3d 1035, 1041 (9th Cir. 2008). Peoples does not object to the ALJ's finding that he was not fully credible. Credibility determinations bear on the evaluation of medical evidence when there are conflicting medical opinions or inconsistency between a claimant's subjective complaints and his diagnosed conditions. Webb, 433 at 688. The fact that Dr. Lange based this part of the opinion on Peoples' self-report is a specific and legitimate reason to reject it.

Moreover, Dr. Lange was giving an opinion far outside his specialty–although fully qualified as a psychologist, there is no evidence he has a medical degree. Holohan v. Massanari, 246 F.3d 1195, 1202 (9th Cir. 2001) (more weight is given to the opinion of a specialist concerning matters in his specialty than to opinion of nonspecialist). It is true the diagnosis of a pain disorder is a psychological diagnosis but Dr. Lange opined about physical limitations. In

Page 9 - OPINION AND ORDER

addition, Dr. Lange did not have the benefit of the x-ray study of Peoples' spine or the results of the two physical examinations.  I find the ALJ gave specific and legitimate reasons supported by substantial evidence in the record to reject Dr. Lange's opinion about Peoples' physical limitations.

The court has the discretion to remand the case for additional evidence and findings or to award benefits.  The court can award benefits "where the record has been fully developed and where further administrative proceedings would serve no useful purpose."  Brewes v. Comm'r Soc. Sec. Admin., 682 F.3d 1157, 1164 (9th Cir. 2012) (internal quotation omitted).

The record here is not fully developed.  The ALJ needs to reconsider Dr. Lange's full opinion discussing Peoples' mental limitations, decide whether to accept or reject the various limitations, and if necessary, revise the residual functional capacity and take further vocational expert testimony.  I also ask the ALJ to consider if Dr. Lange's report and pain disorder diagnosis require any psychological limitations, such as for pace.

## CONCLUSION

The decision of the Commissioner is reversed.  This action is remanded to the Commissioner under sentence four of 42 U.S.C. § 405(g) for rehearing to further develop the record as explained above.  Judgment will be entered.

Dated this _____4th_____ day of May, 2015.


                    __/s/ Garr M. King_____
                    Garr M. King
                    United States District Judge